## Negley v. McKeehan

*George F. Douglas, Jr.*, for plaintiffs.

*W. E. Shissler* and *James R. Humer*, for defendant.

JACOBS, J., April 16, 1956.—Plaintiffs in the above action are husband and wife. On October 11, 1955, they filed their complaint in trespass claiming damages from defendant as the result of an automobile accident which occurred on December 20, 1954, in Cumberland County. Husband plaintiff claims certain out-of-pocket expenses, property damage for his auto-

mobile and damages for his personal injuries. Wife plaintiff claims loss of earnings and damages for injuries to her person. Husband plaintiff further claims damages for the amount he has expended for medical treatment for wife plaintiff and for loss of consortium.

On November 28, 1955, defendant filed a petition asking that the actions of the two plaintiffs be severed in order that he might join husband plaintiff as an additional defendant in the action of wife plaintiff. In his petition defendant alleges: First, that husband plaintiff is solely liable for wife plaintiff's injuries, secondly, that husband plaintiff is jointly liable with defendant for the injuries to wife plaintiff, and thirdly, that he desires to join husband plaintiff as an additional defendant in order to protect his right of contribution against husband plaintiff.

Plaintiffs filed an answer to the petition for severance. In the answer plaintiffs allege that the sole liability of husband plaintiff is not ground for ordering a severance because the husband cannot be held solely liable for the injuries to his wife. The answer further alleges that the possible joint liability of husband plaintiff and defendant is not ground for ordering a severance because wife plaintiff, on January 29, 1955, executed a full release of husband plaintiff and wife plaintiff of all damages arising out of the accident, which said release is what is known as a pro rata release under the Uniform Contribution Among Tortfeasors Act of 1951, 12 PS §2082 and following. A photostatic copy of the release is attached to the answer to the petition for severance. Defendant filed a reply to the answer in which he avers that even if there is a pro rata release husband plaintiff must be joined as a defendant to determine whether or not joint liability exists.

Husband plaintiff has filed a very able brief in opposition to the petition for severance. He claims that de-

fendant has no right to join husband plaintiff as an additional defendant, and that, therefore, there is no reason to grant a severance. Mainly because of the alleged release, husband plaintiff claims he cannot be joined as an additional defendant, and that, if he is joined, he would be entitled to judgment on the pleadings in his favor. This court feels that any defense based on alleged release of liability is prematurely raised. A release is an affirmative defense which must be pleaded as required by Pa. R. C. P. 1045(c). No action is as yet available in which the release can properly be pleaded as a defense and until such action is available the release cannot properly be before the court. For that reason the court is unwilling at this time to anticipate what the defense may be to the complaint of defendant if an additional defendant is joined. Furthermore, defendant may wish to reply to the defense of release if it is pleaded. At this stage in the proceedings the court will consider the problem of severance as if the question of release by the proposed additional defendant had not been raised.

The granting of a severance under Pa. R. C. P. 213(b) is largely a matter of discretion with the court. However, the party seeking a severance must show that he has good grounds therefor.

By the terms of Pa. R. C. P. 2252(a), defendant has the right to join as an additional defendant . . . "any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him". In his petition for severance defendant alleges specifically that husband plaintiff is alone liable or jointly liable with defendant. In also stating that he wishes to join husband plaintiff as an additional defendant to determine the matter of contribution, defendant in effect alleges that husband plaintiff is liable over to him. In spite of such allegations he can-

not join the husband as an additional defendant because husband plaintiff is already a party to the action. While husband plaintiff and wife plaintiff appear as coplaintiffs each is the only party plaintiff as to the issue upon his claim against defendant. Defendant should, therefore, be able to assert a possible liability on the part of husband plaintiff for the cause of action upon which wife plaintiff sues. The court should properly grant a severance of the two causes of action in order that the husband may cease to be a party to his wife's action and may be joined as an additional defendant as to her claim.

It is true that there would be no point in granting a severance if husband plaintiff cannot be joined as an additional defendant. If the joinder is to be based on the ground that husband plaintiff is solely liable to wife plaintiff, joinder is improper because the husband is immune to suit by his wife. Such joinder, however, is proper where it is based on the liability over of additional defendant to original defendant. Even after the joinder wife plaintiff will not be able to recover directly from additional defendant, her husband. The effect of the joinder is to permit the adjudication of additional defendant's liability over to defendant in the same action which determines the liability of defendant to wife plaintiff. While a joint judgment may be entered against defendant and the husband joined as an additional defendant when such liability is established, this joint judgment is entered only to establish the existence of the liability of additional defendant to contribute to or indemnify original defendant.

*Order of Severance*

And now, April 16, 1956, it is ordered that the following issues in the above action be severed: Willis E. Negley v. W. Stuart McKeehan; Carrie R. Negley v. W. Stuart McKeehan.